UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CELINA KNIPPLING, individually and on behalf of all others similarly situated,

Plaintiff,

v.

SAXON MORTGAGE, INC.; and DOES 1 through 10, inclusive,

Defendants.

Case No. 2:11-cv-03116-JAM-DAD

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS**

Before the Court is Saxon Mortgage, Inc.'s ("Defendant's") motion to dismiss (Doc. 8). Celina Knippling ("Plaintiff") opposes the motion. Defendant filed a reply. Both parties submitted requests for judicial notice. The Court grants both requests for judicial notice. The Court received, read and considered all the briefs. For the reasons set forth below, the Court GRANTS IN PART and DENIES IN PART Defendant's motion to dismiss.

## I. FACTUAL AND PROCEDURAL BACKGROUND[1]

The complaint asserts three claims against Defendant. A violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. section 1692; a violation of California's Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code section 1788; and a violation of the Unfair Competition Law, California Business and Professions Code sections 17200, et. seq.. Plaintiff also seeks a declaration that Defendant violated the FDCPA, and she relies, in part, on such a violation to support the Unfair Competition Law claim.

[1] For purposes of Defendant's motion to dismiss, the Court takes as true all well-pleaded allegations set forth in Plaintiff's complaint.

PDF created with pdfFactory trial version www.pdffactory.com

Defendant is a mortgage servicer that serviced both a first and a second lien position loans secured by Plaintiff's house. In April of 2010, Defendant completed a nonjudicial foreclosure on Plaintiff's house. Defendant admits it had no legal basis at that point to collect the second mortgage because of California's anti-deficiency laws.. After April 2010, Plaintiff alleges that Defendant contacted Plaintiff hundreds of times seeking payment on the second mortgage even after Plaintiff requested that Defendant cease collection attempts on the second mortgage. Defendant also continued to send Plaintiff mortgage statements demanding monthly payments. Further, Defendant continued to report mortgage delinquencies to the credit bureaus.

## II. OPINION

### A. Claims for Relief

#### 1. Violation of the FDCPA, First Claim for Relief

Plaintiff alleges that Defendant's conduct violated the FDCPA. Defendant argues it is a mortgage servicer and that case law exempts mortgage servicers from the act. But in this case Defendant's conduct is outside the realm of servicing a mortgage since the mortgage no longer existed at the time of the alleged misconduct.

Under the facts as alleged, which the Court takes as true, the defendant is no longer a mortgage servicer entitled to any protections that the law might provide to mortgage servicers under the FDCPA but, in effect, became a debt collector as contemplated under the statute. Therefore, the Court denies the motion to dismiss the FDCPA claim.

Defendant also moved to dismiss the FDCPA claim insofar as it sought declaratory relief, on the ground that declaratory relief is not an appropriate statutory remedy. Plaintiff responded that she seeks declaratory relief only insofar as it is necessary for her to obtain injunctive relief under the 17200 claim. However, in ***Palmer v. Stassinos***, the Court held that the FDCPA does not allow private plaintiffs to obtain equitable relief. ***See Palmer v. Stassinos***, 233 F.R.D. 546 (N.D. Cal. 2006). Rather, Section 1692k, Title 15, United States Code - the FDCPA - authorizes actions for damages. So, to the extent that the plaintiff seeks declaratory relief under the FDCPA in this case, the Court grants the motion to dismiss, with prejudice, with respect to that one aspect of that claim.

PDF created with pdfFactory trial version www.pdffactory.com

2. Violation of the RFDCPA, Second Claim for Relief

Under the allegations in the complaint, which must be taken as true, dismissal of the RFDCPA claim would also be improper. Plaintiff alleges that Defendant took actions outside the normal foreclosure process and that Defendant sought to collect on a second mortgage after the foreclosure process was complete. Plaintiff does not allege that Defendant sought to collect on a mortgage. Rather, Plaintiff alleges that Defendant attempted to collect on an unsecured debt that it knew was invalid. For the same reasons as previously discussed, the Court denies the motion to dismiss the Rosenthal Act claim.

3. Violation of the Unfair Competition Law, Third Claim for Relief

Defendant argues that since Plaintiff's first two claims fail, Plaintiff's Unfair Competition Law claim, under section 17200 of the Business and Professions Code also fails. The Court rejects this argument since it has rejected those arguments.

However, Defendant also argues that the plaintiff lacks standing because she neither suffered an injury-in-fact nor lost money or property as a result of defendant's alleged actions. Plaintiff responded that she has standing because she lost time dealing with Defendant's multiple phone calls and letters and because her property interest and her credit rating was being damaged by Defendant.

To satisfy the standing requirement for this claim, a party must establish a loss or deprivation of money or property sufficient to qualify as injury-in-fact, that is, an economic injury, and show that the economic injury was caused by the unfair business practice or false advertising that is the gravamen of the claim. *See Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310 (Cal. 2011). The standing requirements originate from Proposition 64, which was designed to make sure that private attorneys were not able to bring Unfair Competition Law claims on behalf of clients who had no actual business dealings with a defendant.

In this case, while plaintiff did have dealings with the defendant, she does not persuasively argue that she suffered an economic injury sufficient to show standing for her Unfair Competition Law claim. The California Supreme Court requires an economic injury, which can be the loss of money or property. In this case, Plaintiff has alleged only that she lost time and that

PDF created with pdfFactory trial version www.pdffactory.com

Defendant falsely reported mortgage payment deficiencies to her credit bureau. She has not alleged that she lost property or money as a result of defendant's actions. Loss of time is not an economic harm, as found by the California Supreme Court. And the mere reporting of negative information on a credit report, without some evidence of further damage, does not rise to the level of loss of property or money. *See Sarver v. Experian Info. Solutions*, 390 F.3d 969 (7th Cir. Ill. 2004) (finding that a plaintiff cannot show actual damage for a false credit report without evidence of some further harm stemming from the false report).

Therefore, the Court grants the motion to dismiss this claim with leave to amend since it may be possible for Plaintiff to include sufficient allegations to support this claim.

**III. ORDER**

For the reasons set forth above, the Court GRANTS, WITH PREJUDICE, Defendant's motion to dismiss the first claim (the FDCPA claim) to the extent it seeks declaratory relief. The Court GRANTS, WITH LEAVE TO AMEND, Defendant's motion to dismiss the third claim (the UCL claim).

The Court DENIES Defendant's motion to dismiss the first and second claims for damages.

If Plaintiff chooses to amend, Plaintiff must file an amended complaint within twenty (20) days from the date of the hearing.

Dated: March 22, 2012

/s/ John A. Mendez
United States District Court Judge

PDF created with pdfFactory trial version www.pdffactory.com